# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC and DELRAY GROUP, LLC d/b/a LAKE VIEW CARE CENTER,<br><br>                Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff Columbia Casualty Company, by way of Complaint against Defendants Millennium Management LLC and Delray Group, LLC d/b/a Lake View Care Center, says:

## THE PARTIES

1. Plaintiff Columbia Casualty Company ("Columbia") is corporation organized under the laws of the State of Illinois with a principal place of business at 333 South Wabash Avenue, Chicago, Illinois. Columbia is authorized to transact business in the State of Florida. Columbia also uses the trade name "CNA" to conduct business, including, but not limited to invoicing its insureds.

2. Defendant Millennium Management LLC ("Millennium") is a limited liability company organized under the laws of the State of Florida with principal place of business at 10800 Biscayne Boulevard, Suite 600, Miami, Florida 33161. Upon information and belief, the only member of Millennium is AYS Holdings, LLC a limited liability company organized under the laws of the State of Florida with principal place of business at 10800 Biscayne Boulevard, Suite 600, Miami, Florida 33161. Upon information and belief, the only known member of AYS

Holdings, LLC is Anand Sobhraj, a citizen of the State of Florida who resides at 15423 Firelight Drive, Winter Gardens, Florida 34787.

3. Defendant Delray Group, LLC d/b/a Lake View Care Center ("Lake View") is a limited liability company organized under the laws of the State of Florida with principal place of business at 5430 Linton Blvd., Delray Beach Florida 33484. Upon information and belief, the only member of Lake View is Eli Strohli, a citizen of the State of Florida who resides at 4523 Royal Palm Ave, Miami Beach, Florida 33140.

4. Defendants Millennium and Lake View are collectively referred to as "Defendants."

## JURISDICTIONAL ALLEGATIONS

5. The amount in controversy between the parties exceeds $75,000.

6. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

## FACTUAL BACKROUND

7. Columbia repeats, restates and realleges the allegation of Paragraphs 1 through 6 as if fully set forth herein.

8. Columbia is an insurance carrier that issued a renewal of a policy of professional and general liability insurance to Millennium under Policy No. PLC4014016419 for the effective dates of August 24, 2013 through August 24, 2014 ("the 2013 Policy"). A true and correct copy of the 2012 Policy is attached hereto as **Exhibit A**.

9. The 2013 Policy was renewed for the effective dates of August 24, 2014 through August 24, 2015 ("the 2014 Policy"). A true and correct copy of the 2014 Policy is attached hereto as **Exhibit B**.

10. The 2013 Policy and the 2014 Policy (collectively "the Policies") are insurance contracts which provide insurance coverage for certain liabilities of Millennium as set forth in the Policies.

11. Defendants submitted multiple claims for coverage under the Policies.

12. Columbia fulfilled its contractual obligations and provided the coverage afforded by the Policies.

13. Pursuant to the terms of the Policies, Defendants have, *inter alia*, deductible obligations of $50,000 per claim submitted for coverage.

14. Columbia, via CNA's invoicing procedures, issued invoices and/or demands for the payment of the unpaid deductibles under the Policies in the amount of $100,000 to Defendants for losses within its deductible in a timely fashion.

15. Defendants, however, has failed and refused to remit payment.

16. Defendants are currently indebted, jointly and severally to Columbia in the amount of $100,000 due to Defendants' failures and refusals to remit payment of deductibles pursuant to the Policies.

17. Columbia has repeatedly demanded payment of the $100,000 balance owed by Defendants, jointly and severally, to Columbia and attempted to collect same without success.

## **COUNT ONE**
(Breach of Contract)

18. Columbia repeats, restates and realleges the allegations of Paragraphs 1 through 17 as if fully set forth herein.

19. Defendants have failed, refused and continue to refuse to pay the $100,000 balance due and owing to Columbia.

3

20. Columbia has consistently met its contractual obligations to Defendants.

21. Defendants, through their failures and refusals to remit payment, have breached the contracts with Columbia, *i.e.* the Policies.

22. Defendants' failures and refusals to pay the $100,000 balance which it owes to Columbia has resulted in damages to Columbia in the amount of $100,000, plus interest, attorney's fees, expenses and court costs.

**WHEREFORE**, Columbia demands judgment, jointly and severally against Defendants in the amount of $100,000 for compensatory damages, together with interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

## COUNT TWO
(Unjust Enrichment)

23. Columbia repeats, restates and realleges the allegations of Paragraphs 1 through 6 as if fully set forth herein.

24. Columbia provided insurance coverage and related services to Defendants for which Defendants have refused to pay.

25. Defendants acknowledged and accepted the insurance coverage and related services provided by Columbia.

26. Defendants benefitted from the insurance coverage and related services from Columbia.

27. Defendants have been unjustly enriched by the receipt of such coverage and services to Columbia's detriment.

28. It would be unconscionable for Defendants to retain the benefits of the insurance coverage and related services without payment to Columbia.

4

29. Columbia has repeatedly demanded that Defendants remit payment of the amount due and owing to Columbia.

30. Defendants have unjustly failed, refused and continue to refuse to pay the balance due and owing to Columbia, thereby resulting in damages to Columbia in the amount of $100,000, plus interest, attorneys' fees and costs.

**WHEREFORE**, Columbia demands judgment, jointly and severally against Defendants in the amount of $100,000 for compensatory damages, together with interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

### COUNT THREE
(Account Stated)

31. Columbia repeats, restates and realleges the allegations of Paragraphs 1 through 6 as if fully set forth herein.

32. Defendants, being indebted to Columbia in the sum of $100,000 upon an account stated between them, promised to pay Columbia said sum on demand. True and correct copies of the billing statements that include the unpaid claims that comprise the open account are attached hereto collectively as **Exhibit C**.

33. Columbia, on numerous occasions prior to filing the instant litigation, demanded that Defendants remit payment of the acknowledged account due and owing from Defendants to Columbia.

34. Defendants, however, have failed to remit payment.

35. Defendants failure to pay the acknowledged balance due and owing to Columbia has caused Columbia to suffer damages in the amount of $100,000, plus interest, attorney fees and costs.

**WHEREFORE**, Columbia demands judgment, jointly and severally against Defendants in the amount of $100,000 for compensatory damages, together with interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

Dated:  March 29, 2018

**BRESSLER, AMERY & ROSS, P.C.**
200 East Las Olas Blvd, Suite 1500
Fort Lauderdale, FL 33301
Telephone: (954) 499-7979
Facsimile: (954) 499-7969
Email: jschwartz@bressler.com
*Counsel for Plaintiff*

*/s/* Jonathan C. Schwartz
Jonathan C. Schwartz, Esq.
Florida Bar No. 51540